IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRYSTAL CRAWFORD | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ALLSTATE INSURANCE | : | NO. 08-5483 |
| COMPANY, and HUGH | : | |
| DONAGHUE, ESQ., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER, S. J.                                                                                                August 31, 2009

       Presently before this Court are two separate Motions to Dismiss—one filed by Defendant Allstate Insurance Company ("Allstate"), and the other by Defendant Hugh Donaghue ("Donaghue"). Plaintiff, Crystal Crawford, responded to Donaghue's Motion to Dismiss, and both Defendants replied accordingly. For the reasons discussed below, this Court determines that it does not have jurisdiction over the claims filed against Defendant Donaghue. The claims against Defendant Allstate are dismissed as they identical to the claims asserted in Crawford's prior filing with this Court.

**I.   PROCEDURAL BACKGROUND**

       "On or about October 31, 2008," Crawford filed suit against the Defendants in the Philadelphia Court of Common Pleas. (Allstate's Notice of Removal ¶ 1.) This Complaint ("Common Pleas Complaint") largely mirrors the Complaint she filed with this Court in

September 2007 ("Federal Complaint").[1]  The only difference is that the Common Pleas Complaint included a claim against Defendant Donaghue while the Federal Complaint did not.

Allstate removed the Common Pleas suit to the Eastern District of Pennsylvania,[2] and subsequently filed a Motion to Dismiss the Common Pleas Complaint.  (Docket Nos. 1 & 4.)  Donaghue thereafter filed a Motion to Dismiss.  (Docket No. 6.)  Crawford responded to Donaghue's Motion to Dismiss.  (Docket Nos. 8, 11, 13, & 14.)  Allstate replied to Crawford's Responses.  (Docket Nos. 9 & 13.)

## II.  FACTUAL BACKGROUND

Crawford's suit arises from her efforts to resolve an insurance claim with her insurer, Allstate.  On September 8, 2005, Crawford was injured when the car she was driving was rear-ended.  (Compl. ¶¶ 4-6.)  The driver of the other vehicle was not insured.  As a result, Crawford sought to recover the entire $100,000 UM and $5,000 in wage loss limits contained in her Allstate policy.  When Allstate indicated that it was unable to determine if it was a "policy limits" case, Crawford demanded arbitration.  (Id. at ¶ 7.)  Allstate made Crawford a $75,000 settlement offer which she refused.  (Id. at ¶¶ 12-13.)

Crawford sought to learn the basis for Allstate's decision to offer less than the full policy amount by obtaining "medical reports and records of the plaintiff in the possession of the defendant" including "requests for records which pre-existed the auto accident in question. Additionally, the plaintiff requested the defendant to admit, deny, or object to various Requests

---

1. Plaintiff's original suit, filed in the Eastern District of Pennsylvania, against Allstate was given the following Docket Number: Civ. A. No. 07-3758.

2. After being removed, this suit was given the following Docket Number: Civ. A. No. 08-5483.

2

for Admissions, including the fact that the other motorist lacked insurance." (Id. at ¶ 9.) Subsequently, "plaintiff filed a motion with arbitrators to compel the production of the medical records, including the medical records upon which the defendant was relying to show prior injuries. After the defendant made it necessary to file a Motion to compel production, the defendant provided the records on June 22, 2007." (Id. at ¶ 15.) Eventually, Allstate offered Crawford both the $100,000 UM policy limit and the $5,000 wage loss policy limit. She accepted both offers. (Id. at ¶ 17.)

### III. JURISDICTION

Before examining the merits of Defendants' Motions to Dismiss, this Court must determine whether it possesses jurisdiction over this suit. There is no question that this Court has jurisdiction over Crawford's Federal Complaint as the amount in controversy exceeds $75,000 and there is complete diversity. See 28 U.S.C. § 1332. But it is less certain that this Court possesses jurisdiction over the Common Pleas Complaint given the absence of complete diversity between Crawford and Donaghue, both of whom reside in the Commonwealth of Pennsylvania. See Strawbridge v. Curtis, 7 U.S. (3 Cranch) 267 (1806); Carden v. Arkoma Assoc., 494 U.S. 185, 199 (1990)

Assuming complete diversity, state court suits may be removed to federal court if the federal courts could have exercised original jurisdiction over the matter.[3] The removing party

---

3.  28 U.S.C. § 1441(a) provides:
>  Except as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For

(continued...)

bears the burden of proving that federal subject matter jurisdiction exists. Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). A case removed to federal court will be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over the claim. 28 U.S.C. § 1447(c).

Allstate avers that removal is appropriate as "the amount in controversy exceeds $75,000 exclusive of interest and costs, and **the proper parties** to this action are citizens of different states." (Allstate's Notice of Removal ¶ 4) (emphasis added.) Allstate's emphasis on "the proper parties" is made clear by its assertion that "Defendant Donaghue is a citizen of the Commonwealth of Pennsylvania who has been fraudulently joined in this case solely for the purpose of defeating diversity and preventing removal of this cause to this Court." (Id. at ¶ 8.)

Fraudulent joinder does not refer to "fraud" in the traditional, legal sense. Rather, joinder is fraudulent "'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.'" Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991) (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985)).[4] The removing party carries a "heavy burden of

---

3. (...continued)
        purposes of removal under this chapter, the citizenship of
        defendants sued under fictitious names shall be disregarded.
28 U.S.C. § 1441(a).

4. Examination of a fraudulent joinder claim can be conducted by means of "two independently sufficient tests-one objective and one subjective." Lopez v. Home Depot, Inc., Civ. A. No. 08-1020, 2008 WL 2856393, at *2 (E.D. Pa. July 22, 2009). The objective test examines whether there is a "reasonable basis in fact or colorable ground support the claim against the joined defendant." Id. (citing Boyer, 913 F. 2d at 111-12). This Court utilizes this objective test which the Third Circuit has refined to its essence as whether or not the stated basis for joinder is "wholly insubstantial and frivolous." Batoff v. State Farm Ins. Co., 977 F.2d 848, 853 (3d Cir. 1992). The second subjective test asks whether plaintiffs intend "in good faith to prosecute the action against the defendant or seek a joint
(continued...)

persuasion" in making a showing of fraudulent joinder. Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1012 n.6 (3d Cir. 1987). Further, "'[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'" Boyer, 913 F.2d at 111 (quoting Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983)). District courts must "focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint." Steel Valley, 809 F.2d at 1010 (citation omitted).

Further, a district court's analysis must be carefully cabined as examination of a fraudulent joinder claim is not as exacting as when reviewing a motion to dismiss. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992) (stating that "inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder."); see also 5B Wright and A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1350, n.39 (2009) ("When a Rule 12(b)(6) motion is joined with a motion to remand on the ground of fraudulent joinder, the court should consider the claim of fraudulent joinder first since it is a jurisdictional issue).

In citing to Lunderstadt v. Colafell, 885 F.2d 66, 70 (3d Cir. 1989), the Third Circuit noted that joinder is fraudulent if the court determines that "a claim is 'wholly insubstantial and frivolous.'" Batoff, 977 F.2d at 852. The Batoff court noted that its examination into whether a claim is "wholly insubstantial or frivolous" should not be

---

4. (...continued)
judgment." Lopez, 2008 WL 2856393, at *4. This Court does find it necessary to utilize the subjective test.

penetrating, "for if we made such an inquiry we would have decided this diversity case on the merits." Id. at 853. Specifically, "[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." Id.; see Jatcyszyn v. Marcal Paper Mills, Inc., Civ. A. No. 07-5792, 2008 WL 4155678, at *2 (D.N.J. Sept. 9, 2008) (denying defendant's fraudulent joinder claim after finding that plaintiff's claim of a violation of New Jersey's Workers Compensation law was not "wholly insubstantial and frivolous standard"); Kuresa-Boon v. Mylan Pharms., Inc., Civ. A. No. 08-1452, 08-2692, 2008 WL 3833220, at *2 (Aug. 14, 2008) (denying removal based on fraudulent joinder after determining that plaintiff's complaint sufficiently pled an independent cause of action); Korsun v. Progressive N. Ins. Co., Civ. A. No. 06-1148, 2006 WL 3143169, *3 (M.D. Pa. Oct. 31, 2006) (finding that Plaintiff's claims were "not wholly insubstantial and/or frivolous.")

As stated previously, Plaintiff's Federal and Common Pleas Complaints are nearly identical with the only difference being that her Common Pleas Complaint includes a cause of action against Defendant Donaghue. Specifically, the Common Pleas Complaint includes the following additional paragraphs:

> ¶ 4: At all times Donaghue, Esq. was acting as Allstate's attorney, agent, servant, and employee on behalf of Allstate.
>
> ¶ 21: As a result of defendant O'Donoghue misrepresenting the facts of the medical records, plaintiff is entitled to be compensated from O'Donoghue for the following damages:
>     a) interest in the amount of the claim
>        from the date the misrepresentations

>                 were made, equal to the prime rate of
>                 interest plus three percent;
>                 b) compensatory damages.

(Sec. Am. Compl. ¶¶ 4 & 12.)

It is unclear from the face of the Complaint, what the precise basis for the claim is against Donaghue, but her additional pleadings make clear that she is asserting a fraudulent misrepresentation claim. (See Pl.'s Sec. Supp. Ans. to Mot. Dismiss 1) ("In this case, the defendant intended the plaintiff to act on the misrepresentation, i.e. to relinquish the policy limits for which she was entitled by contract.")

In Pennsylvania, a *prima facie* case of fraudulent misrepresentation includes five elements:

>                 (1) a misrepresentation, (2) a fraudulent utterance of
>                 the misrepresentation, (3) an intention by the maker
>                 that the recipient will thereby be induced to act, (4)
>                 justifiable reliance by the recipient upon the
>                 misrepresentation, and (5) damage to the recipient
>                 as a proximate result.

McCracken v. Ford Motor Co., 588 F. Supp. 2d 635, 644 (E.D. Pa. 2008) (citing Mellon Bank v. First Union Real Estate Equity & Mortg. Invs., 951 F.2d 1399, 1409 (3d Cir. 1991)).

Detailed examination of Plaintiff's claim is not proper as such "a micro-view of the pleadings . . . is excessive in the context of fraudulent joinder." Pinnacle Choice, Inc. et al. v. Silverstein et al., Civ. A. No. 07-5857, 2008 WL 2003759, at *7 (D.N.J. May 6, 2008). Rather, the proper question is whether "there is even a possibility that a state court would find that the complaint states a cause of action" for fraudulent misrepresentation against Defendant Donaghue. Batoff, 997 F.2d at 853. This Court finds that there is no possibility that a state court, examining

Plaintiff's Common Pleas Complaint, could find a cause of action against Defendant Donaghue. The fourth prong of a fraudulent misrepresentation claim requires "justifiable reliance by the recipient upon the misrepresentation," yet there is no indication in any of the pleadings that Crawford relied on anything said by Donaghue. McCracken, 558 F. Supp. 2d at 644.  Plaintiff asserts that Defendant Donaghue misrepresented to Plaintiff that he had in his possession medical records suggesting that her injuries pre-dated the September 2005 accident.  Crawford's Common Pleas Complaint repeatedly lists examples of what she clearly believes to be Defendants' obstreperousness.  Crawford notes how Allstate offered no money to her, even though her counsel "provided medical proof of the aforementioned injuries." (Common Pleas Compl. ¶ 7.)  Due to Allstate's recalcitrance, she was "required to petition the Court to Compel the defendant to appoint an Arbitrator." (Id. at ¶ 8.)  During discovery, she sought "medical reports and records of the plaintiff in the possession of the defendant" including "requests for records which pre-existed the auto accident in question.  Additionally, the plaintiff requested the defendant to admit, deny, or object to various Requests for Admissions, including the fact that the other motorist lacked insurance." (Id. at ¶ 9.) Defendant "through its counsel ignored the requests for discovery and the Request for Admissions.  Furthermore, the defendant's attorney stated that the defendant would not pay any money to the plaintiff until after the plaintiff reduced her demand from the policy limits." (Id. at ¶ 10.)

> Defendant's attorney also stated that he had possession of medical records of the plaintiff showing that the plaintiff had prior injuries to the same parts of her body from a prior auto accident. For this reason, the attorney for the plaintiff was told to reduce the demand.  Plaintiff requested the defendant to produce those medical records.  In

>reply the defendant withheld those same the records from the plaintiff.

(Id. at ¶ 11.) As a result, "plaintiff filed a motion with arbitrators to compel the production of the medical records, including the medical records upon which the defendant was relying to show prior injuries." (Id. at ¶ 15.) Crawford then filed a "[m]otion to compel production." (Id.)

One need not engage in a detailed examination of Crawford's claim to determine that her claim against Defendant Donaghue is wholly insubstantial and frivolous. There is no possibility that a "state court would find that the complaint states a cause of action" against Donaghue, as the facts of the Common Pleas Complaint run directly contrary to claim pled therein. See Batoff, 977 F.2d at 851. While Crawford asserts a claim of misrepresentation, the facts show that neither she nor her counsel ever believed any statement by either Defendant. Rather, the entire history of this dispute – from arbitration, through settlement of Plaintiff's insurance claim, and up to this suit, suggests the exact opposite – Plaintiff's long-standing disbelief of Donaghue's claims. At every step of the process, Crawford's counsel sought to test the basis for any of Donaghue's assertions by means of requests for admission, requests for production, and a motion to compel. (Pl.'s Sec. Supp. Ans. To Mot. Dismiss of Def. Donaghue ¶ 8.) This Court is convinced that Crawford has provided "no reasonable basis in fact supporting a cause of action against" Donaghue. See Selvaggi v. Prudential Prop. and Cas. Ins. Co., 871 F. Supp. 815, 819 (E.D. Pa. 1995) (finding that joinder was fraudulent as plaintiff failed to plead facts that could sustain a claim against the defendant). Given the absence of any facts suggesting reliance upon anything said by Donaghue, this Court concludes that Donaghue was fraudulently joined in an effort to defeat diversity jurisdiction. As a result, this Court remands Crawford's

claim against Defendant Donaghue to the Court of Common Pleas.  Given that the remaining portions of the Common Pleas Complaint mirrors the Federal Complaint this Court dismissed the remainder of the Common Pleas Complaint given its redundancy with Crawford's previously filed Complaint.

      An appropriate Order follows.